IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **JEANNIE HENRY,**<br><br>    *Plaintiff,*<br><br>v.<br><br>**CADLE LIMITED LIABILITY COMPANY and PANERA, LLC**,<br><br>    *Defendants.* | **COMPLAINT**<br>**(Jury Trial Demanded)**<br><br>3:24-cv-07081-CMC |

Plaintiff alleges the following against Defendant:

## PARTIES AND JURISDICTION

1. Plaintiff Jeannie Henry is a resident of Lexington County, South Carolina.

2. Cadle Limited Liability Company is an Ohio limited liability company doing business in South Carolina.

3. Panera, LLC, is a Delaware limited liability company doing business in South Carolina.

4. Upon information and belief, no member of Cadle Limited Liability Company is a South Carolina resident.

5. Upon information and belief, no member of Panera, LLC, is a South Carolina resident.

6. Plaintiff and Defendants are citizens of different states.

7. The amount in controversy in this case is well over $75,000.

8. The events described in this Complaint took place in Lexington County, South Carolina, which is in the District of South Carolina.

9. Because this case involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

10. Because the events in this case occurred in the District of South Carolina, venue is appropriate in this Court.

## FACTS

11. Panera Bread stores are restaurants that specialize in the retail sale of bakery goods,

-2-

coffees and beverages, and menu items including sandwiches, soups, and salads. Some stores are operated by the national Panera corporation and others are operated by franchisees who enter into a franchise agreement with the company.

12. Defendant Cadle Limited Liability Company ("Defendant Cadle"), operates a Panera Bread franchise at 5416 Sunset Boulevard, Lexington, South Carolina.

13. Defendant Cadle, upon information and belief, is a franchisee of the Defendant Panera, LLC ("Defendant Panera").

14. Defendant Panera is a national company that operates Panera stores either directly or through franchise agreements.

15. Pursuant to the Panera franchise agreement, Panera, LLC, exerts significant control over the operations of the franchisees, including training, products, quality control, operations, and general policies and procedures.

16. By virtue of the franchise agreement, Panera, LLC, maintains the right to control the operations of franchisees, including Defendant Cadle.

17. On or about April 6, 2024, Plaintiff went to the Panera Bread store at 5416 Sunset Boulevard, Lexington, South Carolina ("the Panera Store").

18. Plaintiff ordered a soup and salad in the drive-thru lane of the Panera Store.

19. Plaintiff was handed a bag containing her order and left the drive-thru lane and immediately parked in a parking spot on the Panera Store premises and just past the drive-thru lane.

20. Plaintiff removed the container of soup from the bag.

21. The soup was extremely hot and had begun to cause the container to disintegrate.

22. When Plaintiff picked up the soup container to remove it from the bag it spilled into her lap.

23. The soup was so hot it immediately and painfully burned her legs and thighs so badly she was forced to jump out of the car in the parking lot and remove her pants.

24. Despite her quick reaction, the Plaintiff suffered third-degree burns because of the extremely hot soup.

25. Plaintiff's burns required painful and serious medical treatment, as well as a painful recovery.

## FOR A FIRST CAUSE OF ACTION

## (Negligence / Gross Negligence against Defendant Cadle)

26. Plaintiff was a customer of the Panera Store and an invitee on the premises.

27. Defendant Cadle had a duty to warn Plaintiff of any dangerous conditions on its premises, remedy dangerous conditions on its premises, and/or maintain the premises in a reasonably safe condition.

28. Defendant Cadle through the actions of its agents, breached its duties to Plaintiff by acting negligently, willfully, wantonly, and grossly negligently in one or more of the following specific ways:

    a. Defendant Cadle created a dangerous condition on its premises.

    b. Defendant Cadle allowed the existence of a dangerous condition on its premises that Defendant Cadle knew or should have known would cause serious bodily harm to the Plaintiff.

    c. Defendant Cadle failed to inspect products served to customers for safety and specifically failed to inspect the soup served to Plaintiff to ensure it was safe.

    d. Defendant Cadle failed to notify or warn Plaintiff the soup was dangerous.

    e. Defendant Cadle to take any precautions or other actions to prevent Plaintiff from being injured by the soup.

    f. Defendant Cadle served soup to Plaintiff that was so hot Defendant should have known it would cause an injury to Plaintiff.

29. The actions and omissions of Defendant Cadle were the proximate cause of severe injury to Plaintiff and Plaintiff is entitled to all damages flowing from those actions.

30. Plaintiff is also entitled to punitive damages based on Defendant Cadle's reckless, willful, or wanton actions.

## FOR A SECOND CAUSE OF ACTION

### (Negligence / Gross Negligence against Defendant Panera)

31. Defendant Panera retained control and/or the right to control over Defendant Cadle to such an extent it is liable for the acts of Defendant Cadle.

32. Defendant Panera is vicariously liable for the actions of Defendant Cadle as described above.

33. Defendant Panera, by virtue of its control over Defendant Cadle, had a duty to invitees to the Panera Store, including Plaintiff, to ensure that the premises of its franchisees, as well as the product served to customers, including Plaintiff, was safe.

34. Defendant Panera allowed a dangerous product to be served from its franchisee's premises and allowed a dangerous condition to exist on those premises without warning.

35. Defendant Panera failed to act in a reasonable and cautious manner to ensure that its franchisee's premises and products were safe.

36. Defendant Panera failed to ensure the franchisee's employees were properly trained and acting in a safe and reasonable manner.

37. The actions and omissions of Defendant Panera were the proximate cause of severe injury to Plaintiff and Plaintiff is entitled to all damages flowing from those actions.

38. Plaintiff is also entitled to punitive damages based on Defendant Panera's reckless, willful, or wanton actions.

### REQUEST FOR RELIEF

Plaintiff has fully pled her causes of actions against the Defendants and asserts her right to a jury trial under the Seventh Amendment to the United States Constitution. She further requests the Court find in her favor and award the following relief:

    a. All actual damages.

    b. All punitive damages.

    c. Any other relief available under any state, federal, or other law or authority, as well as any further relief the Court finds just and proper.

-5-

                          Respectfully Submitted,

                          ***s/ Joshua Snow Kendrick***
                          Joshua Snow Kendrick (9037)
                          Christopher S. Leonard (10998)
                          KENDRICK & LEONARD, P.C.
                          7 Mills Avenue (29605)
                          P.O. Box 6938
                          Greenville, SC 29606
                          Tel: (864) 760-4000
December 6, 2024               Josh@KendrickLeonard.com
Greenville, South Carolina

3:24-cv-07081-CMC    Date Filed 12/06/24    Entry Number 1    Page 5 of 5

-5-